UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                                          **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 5:13CV-P29-R**

**STEVE HILAND** *et al.*                                                                                     **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion for a temporary restraining order (TRO) and preliminary injunction by *pro se* Plaintiff Glenn D. Odom, II. For the reasons that follow, the motion will be denied.

**I.**

Plaintiff, an inmate at the Kentucky State Penitentiary, requests a TRO and preliminary injunction "to ensure that he receive proper medical care." Specifically, he requests the Court to award a TRO requiring Defendants "to transport plaintiff to a hand specialist for an examination and a plan of treatment by a qualified specialist" and a preliminary injunction requiring Defendants "to carry out that plan of treatment."

Plaintiff's motion states that he was "assaulted by three (3) gang members with master locks and his finger/hand was broken . . . ." Plaintiff's attachments to the complaint show that the injury occurred on February 11, 2011, while he was incarcerated in Indiana. His attachments also show that at the time of the injury he received two x-rays and treatment. Plaintiff states that he has "continuously" asked Dr. Hiland to "pull him out of his cell to examine his deformed and damaged ligament/tendon . . . [and] Dr. Steve Hiland continuously refuses to pull plaintiff out of his cell for a physical examination." Plaintiff's attachments to the complaint include a progress note signed by Registered Nurse Terri Jones stating, "MD LOOKED AT FINGER. NO NEW

ORDERS FROM MD." Plaintiff states that he experiences "pain, stiffness, and limited movement in his hand/finger and cannot rotate it properly." Plaintiff states that he is threatened with irreparable harm. He states, "If he does not receive proper treatment at the proper time, he may never regain full movement of his index finger and metacarpal bone."

## II.

Both a TRO and a preliminary injunction are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Norwalk Core v. Norwalk Bd. of Educ.*, 298 F. Supp. 203, 206 (D. Conn. 1968). To determine whether to grant a TRO or preliminary injunction, the district court is required to consider four factors: "(1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to award immediate relief. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparednesss of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). "Despite the overall flexibility of the test for preliminary injunctive relief, and the

discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). The plaintiff must show harm that is not remote or speculative, but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d at 552. The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Moreover, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Plaintiff has failed to show both a likelihood of success on the merits and irreparable harm for purposes of being granted immediate relief.

First, to establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38.

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* (citations omitted). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Based on Plaintiff's own attachments to the complaint, he received two x-rays and treatment at the time of his injury and shortly thereafter while incarcerated in Indiana. He was not referred to a hand specialist or recommended for surgery at that time. He presents no evidence that he now requires a hand specialist or surgery two years after the fact. Moreover, according to Plaintiff's medical record that he produced, on December 20, 2012, medical staff "looked at" his finger and did not find treatment necessary. While Plaintiff contends that he should be sent to a hand specialist and receive surgery, such disagreement constitutes a dispute over the adequacy of treatment, which does not give rise to an Eighth Amendment deliberate-indifference claim. *Westlake v. Lucas*, 537 F.2d at 860 n.5.

Therefore, Plaintiff fails to establish that he is likely to succeed on the merits to warrant the extraordinary remedy of a TRO or preliminary injunction.

Secondly, Plaintiff has also failed to show irreparable injury of a nature that is "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d at 552. The injury occurred on February 11, 2011. Plaintiff does not allege that his injury is worsening, nor does he present evidence of harm that requires immediate relief.

"[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiff has failed to set forth sufficient facts to support the need for emergency relief to prevent him from suffering irreparable harm. "The speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *City of Los Angeles v. Lyons*, 461 U.S. at 111.

The third and fourth elements also weigh against granting preliminary injunctive relief. Taking decisions out of the hands of prison officials and medical staff under these circumstances could cause substantial harm in disrupting prison administration. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at *19 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (DN 18) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
4413.010